UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIKELOMO THOMPKINS,

    Plaintiff,

v.

GPS SOLUTIONS, LLC et al.,

    Defendants.

Case No. 23-12844
Honorable Laurie J. Michelson

**ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS WITH PREJUDICE [34] AND MOTION TO GRANT THE PENDING MOTION TO DISMISS DUE TO PLAINTIFF'S VIOLATION OF MULTIPLE COURT ORDERS [39]**

Defendants' instant motions follow Plaintiff's repeated discovery violations (*see* ECF Nos. 14, 22, 28) and repeated failures to comply with this Court's orders, including those imposing lesser sanctions (*see* ECF Nos. 20, 26, 33, 38, 40). Indeed, this is Defendants' second motion to dismiss this case with prejudice as a sanction for Plaintiff's failure to comply with discovery requests and court orders (*see* ECF Nos. 28, 34)—this time following Plaintiff's failure to pay a previously imposed monetary sanction for a discovery violation. And despite the Court extending Plaintiff's time to satisfy that payment obligation (ECF No. 37) and most recently directing a response to Defendants' subsequent motion to grant their pending motion to dismiss (ECF No. 39), Plaintiff and/or her counsel still have not satisfied that obligation or responded.

For the reasons below, Defendants' motions are granted, and this case is dismissed with prejudice.

I.

On November 8, 2023, Kikelomo Thomas filed this lawsuit against her former employer and several supervisors for alleged racial, national origin, and religious discrimination in violation of state and federal law. (ECF No. 1.) Her prosecution of the case has been an uphill battle since.

On May 31, 2024, after Plaintiff's "ongoing failures" (ECF No. 34, PageID.526) to provide timely responses to discovery requests or dates for her deposition, Defendants filed a motion to compel (ECF No. 14). The Court granted the motion and ordered Plaintiff to respond to all outstanding discovery requests by July 3, 2024, and to provide dates for Plaintiff's deposition by July 8, 2024. (ECF No. 20.)

When Plaintiff failed to provide either the discovery responses or the deposition dates by July 12, Defendants filed a motion for sanctions. (ECF No. 22.) The Court granted the motion and ordered Plaintiff to hand-deliver to defense counsel all documents responsive to the outstanding discovery requests by September 4; have Plaintiff's deposition taken by September 18; and pay the reasonable attorney's fees expended by Defendants in connection with the preparation of the motion for sanctions. (ECF No. 26.) The Court warned that "[f]ailure by Plaintiff to adhere to any of these conditions will result in dismissal of her claims." (*Id*. at PageID.336.)

When Plaintiff failed to provide responsive documents or signed interrogatories by the September 3 deadline and had not responded to Defendants' requests for deposition dates, Defendants filed their first motion to dismiss the case with prejudice. (ECF No. 28.) The Court held a hearing on the motion, during which

2

it orally ruled that, although dismissal was warranted given the fault of Plaintiff's counsel, the Court's prior warnings, and the Court's prior use of less drastic sanctions, Defendants had not yet shown sufficient prejudice such that it was appropriate to afford Plaintiff's counsel "one more chance to fully comply." (*See* ECF No. 32.) Taking into consideration Plaintiff's counsel's belated compliance with the relevant court order (i.e., his late production of discovery responses and dates for Plaintiff's deposition to occur in October) and the explanation for his noncompliance (a back injury and health issues), the Court denied without prejudice Defendants' motion to dismiss. (ECF No. 33.) As a lesser sanction, the Court ordered that "[w]ithin 30 days of the entry of this order, Plaintiff and/or her counsel, are to pay the reasonable attorney's fees incurred by Defendants in connection with bringing the instant motion to dismiss"—and again warned that "[f]ailure by Plaintiff to adhere to any of these conditions will result in dismissal of her claims." (*Id.* at PageID.524 (emphasis omitted); *see also* Minute Entry, May 30, 2025 (oral ruling) (where the Court made clear that if there was another violation, the case *would* be dismissed).)

Plaintiff again failed to adhere. After Defendants submitted their itemized attorney's fees to Plaintiff's counsel pursuant to the Court's May 30, 2025, order (*see* ECF No. 34-2), Plaintiff's counsel failed to respond (or object) and failed to pay. So on August 5, 2025, Defendants again moved to dismiss this case with prejudice for Plaintiff's noncompliance with the Court's latest order and failure to pay the monetary sanction imposed by the Court therein. (ECF No. 34.)

3

Plaintiff's counsel responded to the motion with an explanation of the personal circumstances that led to his nonpayment (ECF No. 35)—and the Court gave him yet another chance to comply and yet another warning:

> Given the personal circumstances outlined by plaintiff's counsel (*see* ECF No. 35), the Court will extend until October 31, 2025, the deadline for plaintiff and/or her counsel to either pay the monetary sanction in full or enter into a payment plan acceptable to defense counsel for plaintiff and/or her counsel to make monthly payments such that the obligation is paid off by February 1, 2026.
>
> If this obligation is not satisfied, the Court, having previously imposed a lesser sanction and warned about dismissal (*see* ECF Nos. 32, 33), and otherwise considering the relevant factors under Federal Rule of Civil Procedure 37, the Court will grant the pending motion to dismiss (ECF No. 34). If the obligation is satisfied (either by payment or by a mutually agreed upon payment plan), defendants shall have until November 21, 2025, to file a dispositive motion, and the Court will deny the pending motion to dismiss (*see id.*).
>
> Thus, the defendants' emergency motion to adjourn the dispositive motion deadline (ECF No. 37) is hereby GRANTED. Again, if the case is not dismissed, the new dispositive motion deadline is **November 21, 2025**.

(ECF No. 38.)

That still was not the end of Plaintiff's noncompliance. On November 5, 2025, Defendants filed a motion to grant their pending motion to dismiss this case with prejudice (ECF No. 34) due to Plaintiff's violation of multiple court orders.[1] (ECF No.

---

[1] Defendants thoroughly lay out "[t]he long and tortured history of motion practice in this case" (ECF No. 34, PageID.531) in both their second motion to dismiss (*id.* at PageID.526–528, 531) and their motion to grant that motion to dismiss (ECF No. 39, PageID.684–688). In the latter, they rightly point out that "[i]n the two years this case has been pending, Defendants have been required to file five motions[] to compel discovery and for sanctions due to Plaintiff's failure to adhere to the Court Orders entered in response to those motions" and that the most recent failure to comply is "Plaintiff and/or her attorney's third violation of court orders which imposed the sanction of dismissal." (*Id.* at PageID.688 (citing ECF Nos. 26, 33, and 38).)

4

39.) Defendants explained that neither Plaintiff nor her counsel had paid the monetary sanction or entered into a payment plan by the Court's October 31, 2025, deadline—in fact, that neither Plaintiff nor her attorney had contacted Defendants at any point since the Court's order extending the time to negotiate a payment plan or satisfy the payment obligation. (*Id.* at PageID.687–688.)

The Court entered one last order. It directed that any response to Defendants' motion to grant the pending motion to dismiss "shall be filed by **Friday, November 14, 2025**." (ECF No. 40.) It is now November 20, 2025, and no response has been filed. That marks Plaintiff's fifth failure to comply with this Court's orders. (*See* ECF Nos. 20, 26, 33, 38, 40.)

## II.

"Federal Rule of Civil Procedure 37(b)(2)(A) empowers district courts to sanction parties for disobeying a discovery order. This power to sanction includes 'dismissing the action or proceeding in whole or in part.'" *D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.*, No. 23-5651, 2024 WL 2830660, at *3 (6th Cir. June 4, 2024) (quoting Fed. R. Civ. P. 37(b)(2)(A)(v)).

Four factors guide the Sixth Circuit's analysis of "whether dismissal is an appropriate sanction." *Id.* First, "whether the offending party exhibited 'willfulness, bad faith, or fault' in its failure to comply," *id.*, which is satisfied by "a clear record of delay or contumacious conduct," *id.* at *4 (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013)); *see also id.* at *3 ("[D]ismissal is appropriate 'where there is a clear record of delay or contumacious conduct.'" (quoting *Schafer v. City of*

5

*Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008))). Second, "whether the party's failure to comply resulted in prejudice to the opposing party," *id.* at *3, which is satisfied "where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide,'" *id.* at *5 (alterations in original) (quoting *Schafer*, 529 F.3d at 737); *see also supra* note 1 ("[Defendants] rightly point out that '[i]n the two years this case has been pending, Defendants have been required to file five motions[] to compel discovery and for sanctions due to Plaintiff's failure to adhere to the Court Orders entered in response to those motions' . . . ." (quoting ECF No. 39, PageID.688)). Third, "whether the court warned the offending party 'that failure to cooperate could lead to dismissal,'" and fourth, "'whether less drastic sanctions were imposed or considered' prior to resorting to dismissal." *D & R Servs., LLC*, 2024 WL 2830660, at *3 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

In view of the above narrative, and as thoroughly analyzed by Defendants (*see* ECF Nos. 34, 39), all four factors are plainly satisfied here. There is a clear record of delay or contumacious conduct and prejudice to Defendants, and the Court has repeatedly warned that failure to comply would lead to dismissal (ECF Nos. 26, 33, 38) and has repeatedly imposed lesser sanctions (*see* ECF Nos. 33, 38, 40). Defendants' latest motion (ECF No. 39) is also unopposed (*see* ECF No. 40.)

### III.

Accordingly, for the reasons stated therein and all the reasons set forth in the Court's prior orders, Defendants' motions to dismiss this case with prejudice (ECF

6

No. 34) and to grant that motion to dismiss (ECF No. 39) are GRANTED and this case is DISMISSED WITH PREJUDICE. A separate judgment will follow.

SO ORDERED.

Dated: November 20, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
